parts to the children of each of her two brothers and of her deceased sister.

[2] Therefore the rule that where there is no direct gift, except that contained in a direction to pay or divide in the future, the gift is future and not immediate, has no application here; and even that rule is not absolute, but must always yield to the intention of the testator, as found in the entire will and the surrounding circumstances. Roosa v. Harrington, 171 N. Y. 341, 349 et seq., 64 N. E. 1; Goebel v. Wolf, 113 N. Y. 412, 21 N. E. 388, 10 Am. St. Rep. 464. I think, therefore, there has been a vesting in these three classes of nephews and nieces of the interest of the testatrix in the Prattsville property, that the will gives no power of sale thereof to the executor, and that the undivided interest of the devisees in such property is fixed by the will and by the law, without any aid, or need of aid, on the part of the executor in making a division.

Findings and judgment in harmony with this opinion, with one bill of costs to the plaintiff and one bill of costs to the infant defendants appearing by guardian ad litem, payable out of the fund, may be presented for signature.

Ordered accordingly.

---

(157 App. Div. 332.)

BULLOCK v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. June 6, 1913.)

1. RAILROADS (§ 274*)—INJURIES TO LICENSEE—PERSONS ABOUT STATION.

Plaintiff, a boy of 12 years, who was sent to defendant's station to meet a person, who was to arrive on a train, and to receive certain tickets from him, while riding his bicycle along the concrete platform a few feet from the track, struck a stone used to chock the wheels of a baggage truck and left on the platform, and was thrown under the train and injured, being there in his own interest and for his own purpose, was a mere licensee, who took the risk of an accident in using the premises in the condition in which they were.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 868–872; Dec. Dig. § 274.*]

2. RAILROADS (§ 274*)—INJURIES TO LICENSEE—DECREE OF COURT.

As to a mere licensee about its station the obligation of the railroad, not chargeable with affirmative negligence, is to refrain from inflicting intentional or wanton injury, and from setting dangerous devices thereon for the purpose of harming trespassers, unless a greater duty grows out of a contractual relationship with others having business with it, or arises from an implied invitation to use its property.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 868–872; Dec. Dig. § 274.*]

Appeal from Trial Term, Westchester County.

Action by William W. Bullock, Jr., an infant, by William W. Bullock, his guardian ad litem, against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and STAPLETON, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John F. Brennan, of Yonkers, for appellant.
Thomas J. O'Neill, of New York City, for respondent.

STAPLETON, J. [1] On the 27th day of September, 1910, at 6:30 p. m., at Chappaqua, in this state, the plaintiff, a lad 12 years of age, was riding his bicycle along the concrete platform of defendant's station, a few feet from a track upon which a train was approaching. The bicycle came in contact with a stone of irregular shape, about six inches long, three inches wide, and three inches thick, which had been used by a servant of defendant to chock the wheels of a baggage truck, and by defendant's servant permitted to remain on the platform after use. The plaintiff lost his equilibrium and fell from the platform to the track and in front of the train, and received serious injury from contact with the locomotive. The plaintiff did not say why he was there. He simply said:

"I heard Mr. Carr say that he gave me a nickel and told me to get tickets."

Mr. Carr testified:

"I am the man who gave the boy a nickel to go down this night. I told him to meet William Hooley and get a couple of theater tickets. He was coming up on the half-past 6 train, and he went away on his bicycle, as far as I know. That is the last I heard of it, until after I heard that he was hurt. I had arranged with William Hooley to bring the tickets up on that train, and I sent this boy Bullock, knowing he was acquainted with Mr. Hooley, and that Mr. Hooley would give the tickets to him."

This was the only evidence relative to this branch of the case. If we assume it to be sufficient to establish the plaintiff's motive in being at the place of injury, it is insufficient to establish that he was there on any business of the defendant, or at the invitation of the defendant. He was there in his own interest and for his own purpose. He can therefore be regarded in no relationship to the defendant, except that of a mere licensee, who took the risk of an accident in using the premises in the condition in which they were.

[2] In Fox v. Warner-Quinlan Asphalt Co., 204 N. Y. 240, 245, 97 N. E. 498 (38 L. R. A. [N. S.] 395), the court said:

"It thus appears that as to mere licensees the extent of the obligation of the owners or occupiers of land not chargeable with affirmative negligence is to refrain from inflicting upon such licensees intentional or wanton injury, and from setting dangerous devices thereon, such as spring guns or like agencies, for the purpose of harming trespassers."

We do not understand that any greater measure of duty is imposed upon a railroad company than upon any other owner of lands, unless the duty grows out of a contractual relationship with others engaged in business dealings with it, or arises from peculiar circumstances in the conduct of and in connection with its business, from which an implied invitation to use its lands can be established. Sutton v. N. Y. C. & H. R. R. R. Co., 66 N. Y. 243, 247; Larmore v. Crown Point Iron Co., 101 N. Y. 391, 395, 4 N. E. 752, 54 Am. Rep. 718; Splittorf v. State of New York, 108 N. Y. 205, 214, 15 N. E. 322; Morris v. Brown, 111 N. Y. 318, 326, 18 N. E. 722, 7 Am. St. Rep. 751; Ayres v. Delaware, L. & W. R. R. Co., 158 N. Y. 254, 259, 53 N. E. 22;

Duhme v. Hamburg-American Packet Co., 184 N. Y. 404, 407, 77 N. E. 386, 112 Am. St. Rep. 615; Pitkin v. N. Y. C. & H. R. R. Co., 94 App. Div. 31, 33, 87 N. Y. Supp. 906.

It was said by Judge Andrews in Larmore v. Crown Point Iron Co., supra:

"There is no negligence in a legal sense, which can give a right of action, unless there is a violation of a legal duty to exercise care. The duty may exist as to some persons, and not as to others, depending upon peculiar relations and circumstances."

The plaintiff failed to establish the negligence of the defendant, and it was error to deny defendant's motion to dismiss plaintiff's complaint.

The judgment entered upon the verdict, and order denying motion for a new trial, must therefore be reversed, and judgment directed dismissing plaintiff's complaint, with costs.

JENKS, P. J., and RICH, J., concur. THOMAS and CARR, JJ., concur in result.